UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BUDDY J. MILLS #147822,          )
                                 )
            Plaintiff,           )      Case No. 2:04-cv-187
                                 )
v.                               )      HON. DAVID W. MCKEAGUE
                                 )
TERRY SHERMAN, et al.,           )
                                 )      **ORDER DENYING MOTION**
            Defendants.          )      **FOR RECONSIDERATION**
_____)

Plaintiff Buddy J. Mills, a prisoner incarcerated at the Mid-Michigan Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. This court dismissed Plaintiff's complaint for failure to show exhaustion of administrative remedies on February 16, 2005. (Docket #7 and #8.) Plaintiff has filed a motion to reconsider, which the court construes as a motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The court finds that the motion is timely. *See* FED. R. CIV. P. 60(b). After careful consideration, the court will deny the motion.

Plaintiff claims that copies of his grievances were mistakenly left out when his complaint was mailed to the court. Plaintiff now offers copies of a grievance filed on August 29, 2004, against "Health Service staff member's [sic]," as well as the step II and III appeals and the responses to Plaintiff's grievance at each level. The grievance does not specifically name any of the defendants in this action. A prisoner must specifically mention the involved parties in the grievance to alert the prison officials of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925,

at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). Plaintiff has not made such a showing.

Moreover, Plaintiff is not entitled to have the court reconsider dismissal of his § 1983 claim for failure to present evidence of administrative exhaustion, where the documents offered on reconsideration all existed prior to filing of complaint and there was no legal error or change in law regarding exhaustion between time that Plaintiff filed his complaint and motion for reconsideration. *Jones v. Gobbs,* 21 Fed. Appx. 322, 2001 WL 1314573 (6th Cir. 2001). Accordingly, the court will deny Plaintiff's motions as without merit. Therefore:

IT IS ORDERED that Plaintiff's motion for reconsideration (docket #9) be and hereby is DENIED.


Dated:     August 31, 2005               /s/ David W. McKeague
                                         DAVID W. MCKEAGUE
                                         UNITED STATES CIRCUIT JUDGE*


*Hon. David W. McKeague, United States Circuit Judge, Sixth Circuit Court of Appeals, sitting by designation.